Diana Palacios (State Bar No. 290923)
  dianapalacios@dwt.com
Eric H. Lamm (State Bar No. 324153)
  ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:   (213) 633-6899

Attorneys for Defendants
THE ATHLETIC MEDIA
COMPANY and MOLLY KNIGHT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE ATHLETIC MEDIA COMPANY and MOLLY KNIGHT,<br><br>  Defendants. | Case No. 2:22-cv-02062-MWF-AGR<br>Assigned for all purposes to the Hon. Michael W. Fitzgerald<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF (A) DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT AND (B) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:    August 29, 2022<br>Time:   10:00 a.m.<br>Dept.:   5A<br><br>Action Filed: March 29, 2022 |

Defendants The Athletic Media Company ("The Athletic") and Molly Knight ("Knight") (together, "Defendants") respectfully request that the Court incorporate into Plaintiff Trevor Bauer's ("Bauer") Complaint and/or take judicial notice of Exhibits B and E through V to the concurrently filed Declaration of Diana Palacios in support of Defendants' Anti-SLAPP Motion to Strike and Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] In ruling on Defendants' Motions, the Court may consider certain materials outside the pleadings: "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice [pursuant to Federal Rule of Evidence 201(b)]." *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

**A.  Exhibit B: Knight's First Tweet Is Incorporated by Reference and Subject to Judicial Notice**

Exhibit B is a copy of a Twitter thread containing the first of three tweets by Knight that Bauer alleges to be defamatory. *See* Compl. ¶ 117. Most of this thread is attached to Bauer's Complaint, and thus "a part of the pleading for all purposes." Fed. R. Civ. Pro. 10(c). However, the version offered by Bauer is incomplete. Exhibit B represents the full Twitter thread, which the Court may properly consider as incorporated by reference.

The Court may properly consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Even where "the plaintiff does not explicitly allege the contents of [a] document in the complaint," a document is incorporated by reference where "the plaintiff's claim depends on the contents of [the] document, the defendant

---

[1] Exhibits A, C, and D to the Declaration of Diana Palacios are substantively identical to Exhibits A, C, and D attached to Bauer's Complaint, and are accordingly "part of the pleading for all purposes." Fed. R. Civ. Pro. 10(c). They are included separately in the Declaration of Diana Palacios solely for the Court's convenience.

attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document[.]" *Knievel*, 393 F.3d at 1076 (citations omitted).

Here, the Complaint incorporates and relies on the Twitter thread to establish Bauer's claim for defamation against Knight and the Complaint attaches an incomplete version of the thread. The authenticity of the full thread is not reasonably open to dispute; it remains publicly available online.[2] *See* Palacios Decl. ¶ 3. Exhibit B should therefore be treated as incorporated by reference. *See, e.g.*, *Knievel*, 393 F.3d at 1076-77 (incorporating by reference contents of website in which purportedly defamatory statement appears).

Alternatively, the Court may take judicial notice of Exhibit B for purposes of determining Defendants' Anti-SLAPP Motion and Motion to Dismiss. Under Federal Rule of Evidence 201(b)(2), a Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, judicial notice of Exhibit B is appropriate because, as noted above, there can be no dispute as to its authenticity, and because Defendants are not seeking judicial notice of the truth of the statements therein, but to show the context in which a reasonable viewer would view Knight's allegedly defamatory tweet. *See Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2010) (holding judicial notice appropriate "to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true").

---

[2] Exhibit B is an archived image from the Internet Archive's Wayback Machine. Palacios Decl. ¶ 3. The Wayback Machine is a service that allows the public to view websites as they appeared on certain dates, *see* https://archive.org/. Courts have judicially noticed "the contents of webpages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases).

### B. Exhibit E: L.H.'s Petition Is Incorporated by Reference into Bauer's Complaint and Subject to Judicial Notice

Exhibit E is a copy of L.H.'s petition for a restraining order, together with its supporting declaration and exhibits, filed in the Los Angeles Superior Court matter captioned *[L.H.] v. Bauer*, Case No. 21STRO03198. Palacios Decl. ¶ 6. These documents are extensively quoted in Bauer's Complaint and are documents on which both of Bauer's claims depend. *See, e.g.*, Compl. ¶¶ 1, 4, 34-40, 52-53. As such, they may properly be treated as incorporated by reference. *See, e.g.*, *Davis*, 691 F.3d at 1160 (taking a document into account because its contents were alleged in and formed the basis of claims).

It is also well-settled that a court may take judicial notice of pleadings and other official court records for the fact of their existence, rather than the truth of their contents. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of "several other pleadings, memoranda, expert reports, etc." from other litigation as "court filings and other matters of public record"); *McMunigal v. Bloch*, No. C 10–02765, 2010 WL 5399219, at *7 (N.D. Cal. Dec. 23, 2010) (taking judicial notice of allegations in complaint in other litigation).

### C. Exhibits F–M: Other Articles Published by The Athletic About Bauer Are Incorporated by Reference into Bauer's Complaint and Subject to Judicial Notice

Exhibits F, G, H, I, J, K, L, and M are copies of news articles about Bauer published by The Athletic. Bauer's Complaint describes and hyperlinks to each of these articles. Compl. ¶¶ 17-19 & n.1 (Ex. F); 21 & n.3 (Ex. G); 23 & n.4 (Ex. H), 26-29 & n.8 (Ex. I); 31 & n. 11 (Ex. J); 32 & n.12 (Ex. K), 68 & n.24 (Ex. L); 69 & n.25 (Ex. M). The Complaint relies on these articles to plead actual malice, an essential element of Bauer's claims. The articles remain available online and their authenticity is not reasonably subject to dispute. As such, these Exhibits are incorporated by reference into Bauer's Complaint. *See, e.g.*, *Shahid Buttar for

*Congress Committee v. Hearst Comms., Inc.*, No. 21-cv-05566, 2022 WL 1215307, at *1 n.1 (N.D. Cal. Apr. 25, 2022) (news articles and other documents incorporated by reference where explicitly referred to and hyperlinked in Complaint, were documents on which plaintiff's claims depend, and plaintiff does not dispute authenticity); *Gallagher v. Phillips*, 563 F. Supp. 3d 1048, 1071 (S.D. Cal. 2021) (holding that 31 news articles written about plaintiff in libel action were incorporated by reference).

In addition, a court may properly take judicial notice of public news reports for the fact of their existence, rather than the truth of their contents. *See* Fed. R. Evid. 201; *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Gallagher*, 563 F. Supp. 3d at 1071. As Defendants rely on these news reports for the fact of their existence, judicial notice of these Exhibits is appropriate here.

**D.   Exhibits N–P: Other Tweets by Molly Knight Are Incorporated by Reference into Bauer's Complaint and Subject to Judicial Notice**

Exhibits N, O, and P are copies of other tweets published on Knight's Twitter page. The Complaint describes and hyperlinks to each of these tweets. Compl. ¶¶ 63 & n.23, 126 (Ex. N), 71-72 & n.26-27 (Ex. O), 88 & n.32 (Ex. P). The Complaint relies on these tweets to plead actual malice, an essential element of Bauer's claims. *Id.* ¶¶ 62, 125-127. The tweets remain available online and their authenticity is not reasonably subject to dispute. In addition, the parties rely on the tweets not for the truth of their contents, but for the fact of their existence. As set out above, for these multiple reasons, they are both incorporated by reference and also are properly subject to judicial notice.

**E.   Exhibits Q, R: Other Articles Published by Non-Parties about Bauer and Knight Are Incorporated by Reference Into Bauer's Complaint and Subject to Judicial Notice**

Exhibits Q and R are two news articles written by third parties about Bauer and Knight. The Complaint discusses, cites, and hyperlinks to both articles. Compl. ¶ 25

& n.6 (Ex. Q), 25 & n. 7 (Ex. R). The Complaint relies on these articles to plead actual malice, an essential element of Bauer's claims. *See id.* ¶¶ 25, 62, 125. Accordingly, these Exhibits are incorporated by reference into Bauer's Complaint. *See, e.g.*, *Shahid Buttar*, 2022 WL 1215307, at *1 n.1.

As set out above, the exhibits also are properly subject to judicial notice because they are public news articles, the authenticity of which is not disputed, and the parties rely on them not for the truth of the statements therein, but for the fact of their existence. It is well-settled that a court may take judicial notice of such news reports. *See, e.g.*, *Makaeff*, 715 F.3d at 259 n.2; *Gallagher*, 563 F. Supp. 3d at 1071.

**F.     Exhibits S-W: Other Articles Published by Non-Parties about L.H.'s Allegations Against Bauer Are Incorporated by Reference Into Bauer's Complaint and Subject to Judicial Notice**

Exhibits S, T, U, and V are four articles published by third party media companies about L.H.'s allegations against Bauer. The Complaint discusses, cites, and hyperlinks to all four articles. Compl. ¶¶ 49 & n.18 (Ex. S); 50 & n.20 (Ex. T); 51 & n.21 (Ex. U); 51 & n. 22 (Ex. V). The Complaint relies on these articles to plead Bauer's alleged defamatory implication, an essential element of his claims. *See id.* ¶¶ 49-51. The articles therefore are incorporated by reference into the Complaint.

//
//
//
//
//
//
//
//
//
//

Exhibits S, T, U, and V also are properly subject to judicial notice because they are news articles whose authenticity is not reasonably subject to dispute, and they are relied on not for the truth of their contents but for the fact of their publication. Such publications are proper subjects for judicial notice. *See Makaeff*, 715 F.3d at 259 n.2; *Gallagher*, 563 F. Supp. 3d at 1071.

DATED: May 31, 2022

DAVIS WRIGHT TREMAINE LLP
Diana Palacios
Eric H. Lamm

By: */s/ Diana Palacios*
      Diana Palacios

Attorneys for Defendants THE ATHLETIC MEDIA COMPANY and MOLLY KNIGHT

7
REQUEST FOR JUDICIAL NOTICE ISO MOTION TO STRIKE AND MOTION TO DISMISS
4856-4612-9441v.6 0113180-000004