KINSELA WEITZMAN ISER KUMP HOLLEY LLP
Shawn Holley (Cal. Bar No. 136811)
808 Wilshire Boulevard., 3rd Floor
Santa Monica, CA 90401
Tel: (310) 566-9800
Fax: (310) 566-9873
sholley@kwikhlaw.com

ZUCKERMAN SPAEDER LLP
Blair G. Brown (admitted *pro hac vice*)
Jon R. Fetterolf (admitted *pro hac vice*)
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
Tel: (202) 778-1800
Fax: (202) 882-8106
bbrown@zuckerman.com
jfetterolf@zuckerman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>   Plaintiff,<br><br> v.<br><br>THE ATHLETIC MEDIA COMPANY and MOLLY KNIGHT,<br><br>   Defendants. | Case No. 2:22-cv-02062-MWF-AGR<br>Assigned for all purposes to the Hon. Michael W. Fitzgerald<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO (A) DEFENDANTS' SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT AND (B) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Hearing Date: August 29, 2022<br>Hearing Time: 10:00 a.m.<br>Department: 5A<br><br>Action Filed: March 29, 2022 |

Plaintiff Trevor Bauer respectfully requests that the Court incorporate into Mr. Bauer's Complaint and/or take judicial notice of Exhibits A and B to the concurrently filed Declaration of Blair G. Brown in support of Plaintiff's Oppositions to Defendants' Special Motion to Strike and Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). As Defendants argue in their request for judicial notice (ECF No. 20-2), to which Plaintiff does not oppose, the Court may consider certain materials outside the pleadings in ruling on Defendants' Motions: "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice [pursuant to Federal Rule of Evidence 201(b)]." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).[1]

Exhibit A is a true and correct copy of the email referenced in paragraph 56 of the Complaint. As alleged in the Complaint, this email is from Mr. Bauer's representative to *The Athletic* explaining that L.H.'s own medical records attached to her declaration showed no skull fracture, attaching a copy of those medical records, and requesting that *The Athletic* correct the defamatory article at issue in the case. Exhibit B is a true and correct copy of the demand letter referenced in paragraph 58 of the Complaint from Mr. Bauer's counsel to *The Athletic* also demanding a correction to the defamatory article.

The Court may properly consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Even where "the plaintiff does not explicitly allege the

---

[1] Mr. Bauer incorporates all arguments and case law cited in Defendants' Request for Judicial Notice (ECF No. 20-2) as if they were fully recited herein. The Court should grant Mr. Bauer's request for judicial notice for the same reasons it should grant Defendants' request.

1 contents of [a] document in the complaint," a document is incorporated by reference where the plaintiff's claim depends on the contents of the document, a party attaches it to their motion on the pleadings, and the parties do not dispute authenticity. *Knievel*, 393 F.3d at 1076.

Here, the Complaint incorporates and relies on two specific communications from July 2021 between Mr. Bauer's representatives and *The Athletic* to show compliance with California's retraction statute codified at Cal. Civ. Code § 48a. *See* Compl. ¶¶ 56, 58. The authenticity of the email (Exhibit A) and the demand letter (Exhibit B) is not reasonably open to dispute; these documents were sent by Mr. Bauer's representatives to *The Athletic* contemporaneously and thus both of those parties already possess original copies of the communications.

Alternatively, the Court may take judicial notice of Exhibits A and B for purposes of determining Defendants' Special Motion to Strike and Motion to Dismiss. Under Federal Rule of Evidence 201(b)(2), a Court may take judicial notice of a fact "that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, judicial notice is appropriate because (i) there can be no dispute as to authenticity as both parties possess original copies of these communications, and (ii) Mr. Bauer is not seeking judicial notice of the truth of the statements in Exhibits A and B, but to show that these communications were indeed sent from Mr. Bauer's representatives to *The Athletic* demanding correction of the defamatory article. Such communications, especially given that they are specifically referenced in the Complaint, are proper subjects for judicial notice.

| | | |
|---|---|---|
| Dated: | July 11, 2022 | */s/ Blair G. Brown*<br>Blair G. Brown (admitted *pro hac vice*)<br>Jon R. Fetterolf (admitted *pro hac vice*)<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street, N.W., Suite 1000<br>Washington, D.C. 20036<br>Tel: (202) 778-1800<br>Fax: (202) 882-8106<br>bbrown@zuckerman.com<br>jfetterolf@zuckerman.com<br><br>Shawn Holley (Cal. Bar No. 136811)<br>KINSELA WEITZMAN ISER KUMP HOLLEY LLP<br>808 Wilshire Boulevard, 3rd Floor<br>Santa Monica, CA 90401<br>Tel: (310) 566-9800<br>Fax: (310) 566-9873<br>sholley@kwikhlaw.com<br><br>*Attorneys for Plaintiff*<br>*Trevor Bauer* |