1   KINSELA WEITZMAN ISER KUMP HOLLEY LLP
    Shawn Holley (Cal. Bar No. 136811)
2   808 Wilshire Boulevard., 3rd Floor
    Santa Monica, CA 90401
3   Tel: (310) 566-9800
    Fax: (310) 566-9873
4   sholley@kwikhlaw.com

5   ZUCKERMAN SPAEDER LLP
    Blair G. Brown (admitted *pro hac vice*)
6   Jon R. Fetterolf (admitted *pro hac vice*)
    1800 M Street, N.W., Suite 1000
7   Washington, D.C. 20036
    Tel: (202) 778-1800
8   Fax: (202) 882-8106
    bbrown@zuckerman.com
9   jfetterolf@zuckerman.com

10  *Attorneys for Plaintiff*

11              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
12                   WESTERN DIVISION
13

14  TREVOR BAUER,                    Case No. 2:22-cv-02062-MWF-AGR
15          Plaintiff,               Assigned for all purposes to the Hon.
                                     Michael W. Fitzgerald
16      v.
17  THE ATHLETIC MEDIA               **REQUEST FOR JUDICIAL NOTICE
    COMPANY and MOLLY KNIGHT,        IN SUPPORT OF PLAINTIFF'S
18                                   OPPOSITIONS TO (A)
                                     DEFENDANTS' SPECIAL MOTION
19          Defendants.              TO STRIKE PLAINTIFF'S
                                     COMPLAINT AND (B)
20                                   DEFENDANTS' MOTION TO
                                     DISMISS PLAINTIFF'S
21                                   COMPLAINT**

22                                   Hearing Date: August 29, 2022
                                     Hearing Time: 10:00 a.m.
23                                   Department: 5A

24                                   Action Filed: March 29, 2022

25

26

27

28

1    Plaintiff Trevor Bauer respectfully requests that the Court incorporate into

2    Mr. Bauer's Complaint and/or take judicial notice of Exhibits A and B to the

3    concurrently filed Declaration of Blair G. Brown in support of Plaintiff's

4    Oppositions to Defendants' Special Motion to Strike and Defendants' Motion to

5    Dismiss under Federal Rule of Civil Procedure 12(b)(6). As Defendants argue in

6    their request for judicial notice (ECF No. 20-2), to which Plaintiff does not oppose,

7    the Court may consider certain materials outside the pleadings in ruling on

8    Defendants' Motions: "documents attached to the complaint, documents

9    incorporated by reference in the complaint, or matters of judicial notice [pursuant to

10   Federal Rule of Evidence 201(b)]." *United States v. Ritchie*, 342 F.3d 903, 907–08

11   (9th Cir. 2003).[1]

12   Exhibit A is a true and correct copy of the email referenced in paragraph 56

13   of the Complaint. As alleged in the Complaint, this email is from Mr. Bauer's

14   representative to *The Athletic* explaining that L.H.'s own medical records attached

15   to her declaration showed no skull fracture, attaching a copy of those medical

16   records, and requesting that *The Athletic* correct the defamatory article at issue in

17   the case. Exhibit B is a true and correct copy of the demand letter referenced in

18   paragraph 58 of the Complaint from Mr. Bauer's counsel to *The Athletic* also

19   demanding a correction to the defamatory article.

20   The Court may properly consider "documents 'whose contents are alleged in

21   a complaint and whose authenticity no party questions, but which are not physically

22   attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th

23   Cir. 2005) (citations omitted); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152,

24   1160 (9th Cir. 2012). Even where "the plaintiff does not explicitly allege the

25

26   [1] Mr. Bauer incorporates all arguments and case law cited in Defendants' Request for Judicial Notice (ECF No. 20-2) as if they were fully recited herein. The Court should grant Mr. Bauer's request for judicial notice for the same reasons it should grant Defendants' request.

27

28

REQ. FOR JUDICIAL NOTICE ISO PL.'S
OPP'N TO MOT. TO STRIKE & MOT. TO
DISMISS

1  contents of [a] document in the complaint," a document is incorporated by

2  reference where the plaintiff's claim depends on the contents of the document, a

3  party attaches it to their motion on the pleadings, and the parties do not dispute

4  authenticity. *Knievel*, 393 F.3d at 1076.

5      Here, the Complaint incorporates and relies on two specific communications

6  from July 2021 between Mr. Bauer's representatives and *The Athletic* to show

7  compliance with California's retraction statute codified at Cal. Civ. Code § 48a. *See*

8  Compl. ¶¶ 56, 58. The authenticity of the email (Exhibit A) and the demand letter

9  (Exhibit B) is not reasonably open to dispute; these documents were sent by Mr.

10  Bauer's representatives to *The Athletic* contemporaneously and thus both of those

11  parties already possess original copies of the communications.

12      Alternatively, the Court may take judicial notice of Exhibits A and B for

13  purposes of determining Defendants' Special Motion to Strike and Motion to

14  Dismiss. Under Federal Rule of Evidence 201(b)(2), a Court may take judicial

15  notice of a fact "that is not subject to reasonable dispute because it … can be

16  accurately and readily determined from sources whose accuracy cannot reasonably

17  be questioned." Fed. R. Evid. 201(b)(2). Here, judicial notice is appropriate because

18  (i) there can be no dispute as to authenticity as both parties possess original copies

19  of these communications, and (ii) Mr. Bauer is not seeking judicial notice of the

20  truth of the statements in Exhibits A and B, but to show that these communications

21  were indeed sent from Mr. Bauer's representatives to *The Athletic* demanding

22  correction of the defamatory article. Such communications, especially given that

23  they are specifically referenced in the Complaint, are proper subjects for judicial

24  notice.

25

26

27

28

REQ. FOR JUDICIAL NOTICE ISO PL.'S
OPP'N TO MOT. TO STRIKE & MOT. TO
DISMISS

1

2      Dated:        July 11, 2022            */s/ Blair G. Brown*
                                              Blair G. Brown (admitted *pro hac vice*)
3                                             Jon R. Fetterolf (admitted *pro hac vice*)
                                              ZUCKERMAN SPAEDER LLP
4                                             1800 M Street, N.W., Suite 1000
                                              Washington, D.C. 20036
5                                             Tel: (202) 778-1800
                                              Fax: (202) 882-8106
6                                             bbrown@zuckerman.com
                                              jfetterolf@zuckerman.com
7
                                              Shawn Holley (Cal. Bar No. 136811)
8                                             KINSELA WEITZMAN ISER KUMP
                                              HOLLEY LLP
9                                             808 Wilshire Boulevard, 3rd Floor
                                              Santa Monica, CA 90401
10                                            Tel: (310) 566-9800
                                              Fax: (310) 566-9873
11                                            sholley@kwikhlaw.com

12
                                              *Attorneys for Plaintiff*
13                                            *Trevor Bauer*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28