DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com
ZOË N. McKINNEY (State Bar No. 312877)
  zoemckinney@dwt.com
865 S. Figueroa St., 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

THE NEW YORK TIMES COMPANY
DANA R. GREEN (*appearing pro hac vice*)
  dana.green@nytimes.com
620 8th Ave, 13th Fl.
New York, NY 10018
Telephone:  (212) 556-5290
Facsimile:  (212) 556-4634

Attorneys for Defendants
THE ATHLETIC MEDIA
COMPANY and MOLLY KNIGHT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TREVOR BAUER,<br><br>  Plaintiff,<br><br>vs.<br><br>THE ATHLETIC MEDIA COMPANY and MOLLY KNIGHT,<br><br>  Defendants. | Case No. 2:22-cv-02062-MWF-AGR<br><br>**REPLY IN SUPPORT OF SPECIAL MOTION OF DEFENDANTS THE ATHLETIC MEDIA COMPANY AND MOLLY KNIGHT TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT (C.C.P. § 425.16)**<br><br>Hearing Date: March 27, 2023<br>Time:         10:00 a.m.<br>Dept:         5A<br><br>Action Filed: March 29, 2022 |

Defendants The Athletic Media Company ("The Athletic") and Molly Knight respectfully submit this Reply in support of their Special Motion to Strike Plaintiff Trevor Bauer's First Amended Complaint ("FAC") pursuant to California Code of Civil Procedure § 425.16 ("SLAPP Motion" or "Mot.").

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT ...................................................................... 1

II. COUNT ONE OF BAUER'S FAC SHOULD BE STRUCK WITH PREJUDICE ............................................................................................... 1

    A. California's Retraction Statute Bars Bauer's Claim ............................ 1

        1. Bauer Did Not Seek a Correction from the Publisher ............... 2

        2. The Athletic Published an Adequate Correction ...................... 3

        3. Bauer Failed to Adequately Plead Special Damages ................. 4

    B. Bauer's Pleaded Implication is Unreasonable As a Matter of Law ...... 6

    C. Bauer Fails To Adequately Plead Material Falsity. ............................. 8

    D. The Article Is Privileged as a Fair and True Report .......................... 10

    E. Bauer Has Not Adequately Pleaded Actual Malice ........................... 12

III. CONCLUSION ............................................................................................ 14

-i-

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Wisconsin Airlines Corp. v. Hoeper*,
    571 U.S. 237 (2013) .................................................................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 5

*Bauer v. Baud*,
    2023 U.S. Dist. LEXIS 34367 (S.D.N.Y. Mar. 1, 2023) ............. 1, 8, 9, 10, 11, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................. 5

*Bently Rsrv. LP v. Papaliolios*,
    218 Cal. App. 4th 418 (2013) ................................................................................ 10

*Coastal Abstract Service v. First Am. Title Ins.*,
    173 F.3d 725 (9th Cir. 1999) ........................................................................ 3, 6, 11

*CoreCivic, Inc. v. Candide Group, LLC*,
    46 F.4th 1136 (9th Cir. 2022) .................................................................................. 1

*Crane v. Arizona Republic*,
    972 F.2d 1511 (9th Cir. 1992) ......................................................................... 11, 12

*Erlich v. Etner*,
    224 Cal. App. 2d 69 (1964) ..................................................................................... 5

*Freedom Newspapers, Inc. v. Superior Court*,
    4 Cal. 4th 652 (1992) ............................................................................................... 2

*Gallagher v. Philipps*,
    563 F. Supp. 3d 1048 (S.D. Cal. 2021) ................................................................ 12

*Gapindashvili v. Netflix, Inc.*,
    2022 U.S. Dist. LEXIS 23304 (C.D. Cal. Jan. 27, 2022) ................................... 13

*Healthsmart Pac., Inc. v. Kabateck*,
    7 Cal. App. 5th 416 (2016) .................................................................................... 12

-ii-

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Heller v. NBCUniversal, Inc.*,
  2016 U.S. Dist. LEXIS 193316 (C.D. Cal. June 29, 2016) .................................. 7

*Kaelin v. Globe Communs. Corp.*,
  162 F.3d 1036 (9th Cir. 1998) .......................................................................... 7

*Kahn v. Bower*,
  232 Cal. App. 3d 1599 (1991) ......................................................................... 7

*Kanarek v. Bugliosi*,
  108 Cal. App. 3d 327 (1980) ........................................................................... 5

*Mann v. Quality Old Time Serv., Inc.*,
  120 Cal. App. 4th 90 (2004) ............................................................................ 5

*Masson v. New Yorker Magazine*,
  501 U.S. 496 (1991) .......................................................................................... 9

*Menzel v. Scholastic, Inc.*,
  2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ................................................. 3

*Metabolife Int'l v. Wornick*,
  264 F.3d 832 (9th Cir. 2001) ........................................................................... 7

*Nunes v. CNN*,
  520 F. Supp. 3d 549 (S.D.N.Y. 2021), *aff'd*, 31 F.4th 135 (2d Cir. 2021) ........... 6

*People v. Dancy*,
  102 Cal. App. 4th 21 (2002) ............................................................................ 8

*Pierce v. San Jose Mercury News*,
  214 Cal. App. 3d 1626 (1989) ......................................................................... 4

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ........................................................................... 8

*Talk Radio Network Enters. v. Cumulus Media Inc.*,
  271 F. Supp. 3d 1195 (D. Ore. 2017) .............................................................. 3

*Twin Coast Newspapers, Inc. v. Superior Court*,
  208 Cal. App. 3d 656 (1989) ........................................................................... 4

*Weller v. ABC*,
  232 Cal. App. 3d 991 ....................................................................................... 7

-iii-
REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**STATUTES**

California Civil Code § 48a(b) .................................................................................... 3

**RULES**

F.R.C.P. 9(g) ................................................................................................................ 5, 6

**CONSTITUTIONAL PROVISIONS**

United States Constitution, First Amendment ................................................ 9, 10, 13

**OTHER AUTHORITIES**

InsideHook, *On the Trevor Bauer Allegations and the Need for Better Consent Education* (July 1, 2021), https://www.insidehook.com/daily_brief/sports/trevor-bauer-allegations-consent ...................................................................................... 13

-iv-

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## I. SUMMARY OF ARGUMENT

Defendants' SLAPP Motion demonstrated why, as a matter of law, Bauer's amended pleading failed to remedy the defects this Court previously identified in Count One of this lawsuit.[1] The motion is only reinforced by a decision earlier this month in federal court in New York, rejecting a substantially similar defamation lawsuit Bauer brought against another sports publication, based on two of the same defenses Defendants raised here. *Bauer v. Baud*, 2023 U.S. Dist. LEXIS 34367 (S.D.N.Y. Mar. 1, 2023) (dismissing Bauer's claims on substantial truth and fair report privilege grounds). The *Baud* decision is consistent with this Court's prior reasoning in its Order striking Count One of Bauer's initial Complaint. Bauer's amended pleadings fail for the same reasons set out in those decisions, and nothing in his Opposition (Dkt. 63 ("Opp.")) changes that conclusion. Bauer's defamation claim based on The Athletic's Article should be dismissed with prejudice.[2]

## II. COUNT ONE OF BAUER'S FAC SHOULD BE STRUCK WITH PREJUDICE

### A. California's Retraction Statute Bars Bauer's Claim

As set out previously, California's retraction statute incentivizes the prompt handling of alleged journalistic errors by limiting a plaintiff to provable special damages unless (1) he properly seeks a correction, *or* (2) the publication makes an adequate correction. Mot. at 7. Here, Defendants demonstrated both: Bauer failed to make an appropriate demand, *and*, despite this failure, The Athletic nevertheless published an adequate correction. For each of these independent reasons, Bauer was required to adequately plead special damages. His failure to meet this requirement is

---

[1] *See* Dkt. 45 ("Order") at 8-20; Dkt. 58 ("Mot.") at 1-21.

[2] Although Bauer seeks to preserve the issue, Opp. at 6, it is well-settled that the SLAPP statute applies to his defamation claims, as this Court already has held. *See* Mot. at 6-7; Order at 20. *See also CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136, 1143 (9th Cir. 2022) (reaffirming that the SLAPP statute applies in federal court).

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fatal to his claim.

### 1. Bauer Did Not Seek a Correction from the Publisher

Bauer concedes, as he must, that the California retraction statute requires a plaintiff to serve a timely correction demand on the "publisher." Opp. at 7. But Bauer never wrote to The Athletic's publisher. And although a "publisher" may include "the owner or operator of the newspaper," Opp. at 7 (quoting *Freedom Newspapers, Inc. v. Superior Court*, 4 Cal. 4th 652, 656 (1992)), Bauer did not write to the owners or President of The Athletic, either.

So Bauer makes the creative but deeply flawed argument that one of three employees – Span, Fichtenbaum, or Ortenberg – should be treated as the "publisher." Opp. at 8. Bauer rests this argument primarily on internal editorial guidelines directing *employees* to tell their "editorial leadership," "the appropriate managing editor," "and/or the Chief Content Officer," if they believe a correction is warranted. Opp. at 8; FAC ¶¶ 71-72 (https://theathletic.com/edit-guidelines/). But nothing in the guidelines suggests that The Athletic, an international publication, intended to delegate "publisher" authority under California law to everyone in its editorial leadership. Moreover, these internal guidelines are directed to *employees*, not to readers or story subjects who may have complaints about The Athletic's content.

Bauer's second argument, concerning the WordPress platform, would lead to even more absurd results. He suggests that if a news organization uses a software program that allows employees to edit stories, those employees all should be deemed "publishers" under California's retraction statute. Opp. at 8. No authority supports this dramatic change to Section 48a, nor does his proposed interpretation make sense. Although virtually every publication has editors, the statute states unambiguously that a retraction demand must be directed to a particular executive: the *publisher*.

Bauer repeatedly attempts to improperly shift his burden onto The Athletic, arguing that its website should have posted the name of its publisher (although nothing in the statute required it to do so); that The Athletic's staff should have sent

2

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Bauer's correspondence to the publisher (although he never asked them to do that); and that editors should have corrected his purported misimpression about whether they were the "publisher" (even though he never conveyed such a misimpression to them). Opp. at 9. These arguments lack any basis. *See, e.g.*, Order at 13. The statute's requirements are clear, the burden is on Bauer to meet those requirements, and – as this Court previously found – he did not. *Id.* at 12-13.[3]

### 2. The Athletic Published an Adequate Correction

Bauer next argues that The Athletic's correction was not "adequate," and it was "not sufficiently conspicuous." Opp. at 9. Neither argument has merit.

*First*, concerning adequacy, The Athletic published the correction that Bauer's counsel requested. Mot. at 9-10. *Compare* Compl. Ex. D at 2 ("I demand that The Athletic correct its article by stating that the CT scan of [L.H.] found no fractures.") *with* ("a subsequent CT scan found no acute fracture"). FAC ¶ 70 & Ex. A. Bauer claims that the correction somehow "continued to leave the impression that L.H. sustained a skull fracture." Opp. at 10. But the language explicitly stated the opposite, just as his counsel demanded.

*Second*, concerning conspicuousness, Bauer seeks more than the law requires. Opp. at 10. The statute does not require a correction in "'as conspicuous a manner' *as possible*." *Id.* (Emphasis added.) Those two words are Bauer's own creation. The statute requires only that the correction be published "in substantially as conspicuous a manner … *as were the statements claimed to be libelous*." Cal. Civ. Code § 48a(b). Here, the correction appeared right next to the words Bauer claimed to be libelous, it was prefaced by the word "***Update***" in ***bold italics***, and The Athletic

---

[3] The bare assertion "on information and belief," that the publisher was aware of Bauer's correction demand (FAC ¶ 75) lacks any factual foundation and should be disregarded. *E.g., Menzel v. Scholastic, Inc.*, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018) ("[a] conclusory allegation based on information and belief remains insufficient under *Iqbal/Twombly*."); *Talk Radio Network Enters. v. Cumulus Media Inc.*, 271 F. Supp. 3d 1195, 1210 (D. Ore. 2017) (granting motion to dismiss where "information and belief" allegations were "without further factual enhancement").

3

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

also added an "***Editor's note***" prefaced in bold italics at the very top of the Article, further signaling to readers that the relevant portion of the story had been updated with additional information. *See* Ex. A at 9. That plainly was "as conspicuous" as the original statement and is all the law requires.

Finally, Bauer argues that the conspicuousness of the correction is an issue of fact for a jury. Opp. at 10. But the dated precedent Bauer relies on predates *Iqbal/Twombly* and concerns print journalism, where corrections necessarily run separately from the original publication, and often appear in a modest place inside the paper. *See id.* (citing *Pierce v. San Jose Mercury News*, 214 Cal. App. 3d 1626, 1628-29, 1633 (1989) (original article "appeared at the top of the front page," while subsequent correction "was found on the bottom of page two in a holiday edition of the paper")). Digital publishing lacks such constraints: the correction can be placed in precisely the same location as the alleged error, as it was here. *See* FAC Ex. A at p. 1-2.[4] Where, as here, there is no dispute that the correction appears *in* the story itself, next to the words complained of, in more prominent font than the text of the article, and with an editor's note at the top, the complaint does not plausibly plead noncompliance with Section 48a.[5]

### 3. Bauer Failed to Adequately Plead Special Damages

Because Bauer did not comply with the retraction statute, and because The Athletic published an adequate correction in any event, Bauer must plead special damages. Order at 14. As set out previously, Bauer failed to adequately do so: he offers vague allegations of loss, with no estimate of his damages, untethered to the

---

[4] Bauer does not cite any cases involving digital publications, let alone authority casting doubt on whether this kind of correction is sufficiently "conspicuous" under the California retraction statute or any other comparable law.

[5] Even in the print context, such a correction has been deemed to satisfy the retraction statute. *See, e.g., Twin Coast Newspapers, Inc. v. Superior Court*, 208 Cal. App. 3d 656, 662 (1989) (publisher was entitled to summary adjudication because no reasonable juror could find the correction insufficiently conspicuous where it "appeared in the *same location* as the defamatory subheadline") (emphasis added).

4

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

single statement at issue. Mot. at 10-11.

In opposition, Bauer claims he is not required to be specific about his damages. Opp. at 11. But the pleading standard is well-settled, *see* Mot. at 11. and Bauer's attempts to distinguish a few of the many cases on point do nothing to alter that precedent. For example, Bauer selectively quotes from *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90 (2004), to falsely suggest that the court held only that a plaintiff "may not rely on a general decline in business arising from the falsehood," while omitting the *very next clause*, which made clear that to establish special damages the plaintiff "must instead identify *particular customers and transactions* of which it was deprived as a result of the libel." *Id.* at 109 (emphasis added). Bauer next points out that *Erlich v. Etner*, 224 Cal. App. 2d 69 (1964), involved review of a damage award after trial, but he ignores its discussion of the specificity that would be needed to satisfy his burden, and ignores cases in the Motion applying this specificity requirement to the pleading stage. Mot. at 11-12.

Bauer's reliance on *Kanarek v. Bugliosi*, 108 Cal. App. 3d 327 (1980), is equally misplaced. Opp. at 11. *Kanarek* was a state-court action from 1980, which was not subject to the strict pleading standards enunciated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009), or the additional heightened pleading requirement for special damages under F.R.C.P. 9(g).

Bauer also cannot escape his failure to adequately plead causation. Instead, he waives the issue away, claiming it is "crystal-clear" that he draws an inference that the Article caused his unspecified special damages. *Id.* But Bauer misses the point. The question is not whether *he* infers causation. The question is whether he has pleaded *facts* to support that inference. He has not.

Bauer's cursory response also misapprehends his pleading burden. Although a "reasonable" inference ordinarily may be sufficient to state a plausible claim for relief, *Iqbal*, 556 U.S. at 678, Bauer must meet the higher burden of "specifically"

5

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

pleading his entitlement to special damages.  F.R.C.P. 9(g); *Nunes v. CNN*, 520 F. Supp. 3d 549, 561 (S.D.N.Y. 2021), *aff'd*, 31 F.4th 135 (2d Cir. 2021) (dismissing complaint for failure to plead special damages as required under California's retraction statute).  Yet despite two attempts, Bauer failed to plead facts that would support an alleged "inference" that the Article's purportedly false implication that he fractured L.H.'s skull is *the one* thing that caused him to lose his unspecified business opportunities − not the other allegations contained in L.H.'s petition; not MLB's highly publicized investigation of him; not his record-breaking lengthy suspension from baseball; and not any unchallenged portions of the Article.[6]  The vagueness of his pleading does not permit such an inference.  For this independent reason, his claim based on the Article should be struck, with prejudice.

**B.     Bauer's Pleaded Implication is Unreasonable As a Matter of Law**

As set out previously, the Article does not affirmatively state that Bauer fractured L.H.'s skull, nor can it reasonably be read as giving rise to that implication.  Mot at 12.  To the contrary, such an implication is at odds with the actual text of the Article, which does *not* include a skull fracture among L.H.'s diagnosed injuries.  *See* Laidman Decl. Ex. A at 11 (accurately reporting that L.H. was diagnosed with "an acute head injury and assault by manual strangulation").  The correspondence that Bauer has now attached to his FAC shows The Athletic contemporaneously making this very point to Bauer: there was nothing to correct, because the Article accurately reported on L.H.'s declaration.  FAC Exs. C-E.

In response, Bauer asserts that defamation by implication is a "low bar."  Opp. at 11.  But the cases he cites do not set a "low bar."  Instead, those decisions carefully

---

[6] Bauer's vague and generalized allegations of harm that he supposedly suffered "following the Article" do not meet his burden to plead special damages with specificity, as he does not even attempt to tie the alleged harm to any particular statement in the publication.  FAC ¶ 129.  *E.g.*, *Coastal Abstract Service v. First Am. Title Ins.*, 173 F.3d 725, 732-33 (9th Cir. 1999) (reversing libel judgment where damages were not shown to be caused by actionable statement).

6
REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

considered whether the alleged implication could reasonably be found, while acknowledging the potential chilling effects of imposing liability for something that was not expressly stated. *E.g.*, *Heller v. NBCUniversal, Inc.*, 2016 U.S. Dist. LEXIS 193316, at **9, 11-12 (C.D. Cal. June 29, 2016) (finding many of the pleaded implications did not arise from the film at issue); *Kaelin v. Globe Communs. Corp.*, 162 F.3d 1036, 1040 (9th Cir. 1998) (finding that article reasonably supported plaintiff's claimed defamatory meaning); *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1609 (1991) (finding some statements reasonably implied defamatory allegations and others did not).[7]

Bauer also tries to rely on other news publications and Knight's tweets as somehow "proving" his pleaded implication. Opp. at 12. But whether an alleged implication reasonably arises from a publication is a question of law for the court to decide, based on an objective reading of the publication at issue – it is not determined by the subjective interpretation of plaintiff's curated third parties. *E.g.*, *Metabolife Int'l v. Wornick*, 264 F.3d 832, 854 (9th Cir. 2001) (recognizing that whether the challenged publication conveys the alleged implication "is a question of law for the court" and "a plaintiff may not construct an actionable statement by reading whatever implication it wishes into the defendants' words"). Moreover, Defendants dispute the meaning Bauer ascribes to Knight's tweets, an issue that is now on appeal.

For all these reasons, this Court should find, as a matter of law, that the Article cannot reasonably be read as implying that Bauer actually fractured L.H.'s skull.[8]

---

[7] The fourth case Bauer relies on, *Weller v. ABC*, concerned an appeal from a jury verdict, and does not address the pleading standard on a motion to dismiss. *Weller v. ABC*, 232 Cal. App. 3d 991, 997 (1991).

[8] Bauer's Opposition suggests that this Court already found the alleged implication arises from the Article (Opp. at 13); that is incorrect. *E.g.*, Order at 16 ("[a]ssuming solely for the purposes of argument, and without deciding, that the article allegedly implies that Plaintiff fractured L.H.'s skull, ..."); *see also id.* at 19 ("[t]he Court cannot conclude that any implication, if it does exist, substantially altered the overall impression given by the article.").

7

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### C. Bauer Fails To Adequately Plead Material Falsity.

Even if Bauer's alleged implication was reasonable – which it is not, for the reasons discussed above – Bauer's defamation claim fails because it is not materially false as a matter of law. Order at 18-19. As this Court previously found, the allegedly false implication that L.H. actually suffered a fractured skull would not have a substantially different effect on the reader than the uncontested and nonactionable portions of the Article, which accurately conveyed the serious allegations in L.H.'s petition. *Id.* at 18 (citations omitted).

Bauer's amended complaint pleads no new facts to alter that conclusion. Instead, Bauer shamefully employs euphemisms in an attempt to downplay the contents of L.H.'s declaration. In his latest retelling, he merely "veered into limited non-consensual territory" – this euphemism apparently referring to repeatedly punching and sexually penetrating an unconscious person, which is a serious crime in this state. *See, e.g., People v. Dancy*, 102 Cal. App. 4th 21, 37 (2002). In his retelling, Bauer suggests that he caused only "bruising" that required no medical treatment. Opp. at 13. This assertion plainly is at odds with the medical records he otherwise relies on, which show L.H. required medical treatment and suffered a concussion, among other injuries. Laidman Decl. Ex. A. In Bauer's retelling, L.H.'s petition should not have caused a stir: it just describes "common" millennial rough sex. Opp. at 14. This absurd argument has no foundation in the factual record – L.H.'s petition unambiguously describes a non-consensual, violent sexual assault – and this Court need not entertain it. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As referenced above, the District Court for the Southern District of New York dismissed a substantially similar defamation claim brought by Bauer against the sports news website Deadspin. *Bauer v. Baud*, 2023 U.S. Dist. LEXIS 34367 (S.D.N.Y. Mar. 1, 2023). In that case, Bauer alleged he was defamed by two statements: "*We don't need an investigation and trial to know that [L.H.] didn't*

8

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*consent to have her face beaten and her skull fractured"* and *"It was only the initial CT scan that showed a fracture." Id.* *7 (emphasis added).  As in this case, Bauer alleged the statements were false because he did not *actually* fracture L.H.'s skull and no CT scan ever showed a fracture. *Id.*  The district court nonetheless dismissed his claim, finding that the statements were substantially true as a matter of law. *Id.**17.

In reaching its conclusion, the court emphatically rejected Bauer's attempt to downplay the seriousness of L.H.'s injuries and allegations: "[T]he same medical records on which Plaintiff stakes his claim show that L.H. actually did suffer serious physical injuries." *Id.* *15.  There, as here, Bauer argued there is a substantial reputational difference between inflicting "signs of a possible head injury" and "the assertion that Mr. Bauer broke a woman's skull" (*id.* *11), which the court also rejected:

> This is the wrong distinction. …. [T]he *true* bridge between the contested Statements – Plaintiff fractured L.H.'s skull as diagnosed by an initial CT scan – and reality – Plaintiff caused L.H. facial trauma that a doctor initially diagnosed as symptoms of a skull fracture – is small enough to render the "gist" or "sting" of the statements unchanged. As a result, the statements are substantially true and therefore nonactionable as defamation.

*Id.* *12 (original emphasis).[9]  The same reasoning applies here.

Not surprisingly, Bauer tries to downplay the effect of the *Baud* decision. Opp. at 16 n.6.  But it is both consistent with this Court's prior ruling on substantial truth, and persuasive on the merits.  Bauer's assertion that this Court should disregard *Baud* "because it applied New York law" (Opp. at 16 n.6) also misses the mark. Substantial truth is a constitutional doctrine; the same standard applies in New York as in California.  *E.g.*, *Masson v. New Yorker Magazine,* 501 U.S. 496, 516-17 (1991) (California law on substantial truth is consistent with First Amendment and common

---

[9] The *Baud* court indicated that the statements at issue also might be non-actionable under the incremental harm doctrine because the Deadspin article "is rife with comments about Plaintiff that remain unchallenged and would cause immense damage to his reputation." *Id.* *12 n.9.

9

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

law principles applicable in every jurisdiction); *Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 247-48 (2013) (First Amendment requires public figure libel plaintiffs to establish "material falsity").

Bauer also argues that the statements at issue were "different." Opp. at 16 n.6. But, to the extent they are different, it only cuts against his claim. Bauer's lawsuit against The Athletic is premised on an unstated implication that a CT scan detected a fracture, whereas Bauer's lawsuit against Deadspin is premised on a *statement* that a CT scan detected a fracture.

Finally, Bauer's broad assertion that substantial truth cannot be determined as a matter of law (Opp. at 16) is simply wrong, as demonstrated by the many decisions granting dismissal on this basis, including this Court's prior decision, and the recent *Baud* ruling. *See also* Mot. at 13-16.

The only case Bauer cites for this argument is plainly inapposite. In *Bently Rsrv. LP v. Papaliolios,* 218 Cal. App. 4th 418, 435 (2013), the defendant stated in a Yelp! review that the plaintiff landlord had caused the death of three tenants. In a defamation suit based on the review, the plaintiff pleaded that two of the tenants were not dead, and the third had died of cancer. *Id.* Unsurprisingly, on that record, substantial truth could not be found as a matter of law on a motion to dismiss. *Id.* It has no application here.

This Court's prior decision and the court's decision in *Baud* both correctly found that an alleged implication that Bauer fractured L.H.'s skull was not materially false, given the undisputed record concerning Bauer's conduct and the injuries L.H. suffered. Count One of Bauer's FAC fails for this reason, and it should be struck with prejudice.

**D.    The Article Is Privileged as a Fair and True Report**

Count One of the FAC also fails because the Article is privileged as a fair and true report of court records. Mot. at 16-17. Bauer does not dispute that L.H.'s petition is the kind of court record to which the fair report privilege applies, nor does

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

he dispute that the Article was reporting about the contents of the petition. Bauer also concedes that under controlling law, a "newspaper report is fair and true if it reflects 'the substance, the gist, the sting of the libelous charge.'" Opp. at 17 (quoting *Crane v. Arizona Republic*, 972 F.2d 1511, 1519 (9th Cir. 1992)). His only argument is that the privilege does not apply because the Article materially differed from LH.'s petition. Opp. at 17. His flawed reasoning, which mirrors the meritless arguments he offered in response to Defendants' substantial truth and actual malice defenses, should be rejected here as well.

*First*, Bauer asserts that the petition "definitively concludes that Bauer *did not* fracture L.H.'s skull. *Id.* But as this Court previously found, that is incorrect. *See* Order at 17 (noting the "factual uncertainty" in the petition's medical records about whether or not L.H. suffered a fracture). *See also Baud*, 2023 U.S. Dist. LEXIS 34367, at *15 & n.7 (noting the uncertainty in the medical records as to whether L.H. actually suffered a fracture).

*Second*, Bauer argues again that the purported "implication of a skull fracture ... injects a heightened level of violence into L.H.'s petition that is simply not there." Opp. at 17. As set out above, this grossly misrepresents the petition, which is hardly describing consensual rough sex and "superficial bruising." *Id.* The federal court in *Baud* rejected this same misrepresentation of the facts, in finding the Deadspin article was a fair and accurate report of L.H.'s petition:

> Once again, Plaintiff ignores the Petition upon which he relies. While the privilege is inapplicable if the report suggests more serious conduct than suggested in the official proceeding ... the true question is whether the report would have a "different effect" on the mind of the reader than the actual truth. The Petition accuses Plaintiff of sexual assault and of causing L.H.'s serious physical injuries. Whether those injuries included a skull fracture or simply "significant head and facial trauma" and bruising does not change the nature of the accusations, nor would it produce a different effect on the mind of the reader.

*Baud*, 2023 U.S. Dist. LEXIS 34367, at *20-21 (citations and quotations omitted).

*Finally*, Bauer inaccurately asserts that the fair report privilege cannot be

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

determined as a matter of law. Opp. at 18. To the contrary, Bauer's own cited cases applied the fair report privilege as a matter of law, as did the court in *Baud*. *E.g.*, *Healthsmart Pac., Inc. v. Kabateck*, 7 Cal. App. 5th 416, 436 (2016) (dismissing claims as barred by fair report privilege); *Crane v. Ariz. Republic*, 972 F.2d 1511, 1523 (9th Cir. 1992) (affirming summary judgment of all but one claim based on fair report privilege); *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1089-1104 (S.D. Cal. 2021) (dismissing multiple claims based on fair report privilege at the pleading stage); *see also* Mot. at 16-17. Because the fair report privilege bars Count One, it must be struck on that independent ground as well.

### E. Bauer Has Not Adequately Pleaded Actual Malice

This Court previously found that Bauer failed to adequately plead actual malice, and nothing in the FAC cures that deficiency. Mot at 19-21; Order at 16-17. Bauer's response again demonstrates a misunderstanding of the applicable pleading standard: because he is claiming defamation by implication, he must satisfy two pleading hurdles to establish actual malice: 1) he must plead facts showing that the Journalists *intended* the implication at issue, and 2) he must plead facts showing that they published that implication with *knowledge* of falsity. Mot. at 18 (collecting cases).

Bauer does not even attempt to make the first showing. For that reason alone, his claim fails. Mot. at 19-21.

The only premise he offers for the second showing is the allegation that L.H.'s medical records disproved that she actually had a skull fracture. Opp. at 19-20. But as this Court and the court in *Baud* both found, that is not what the medical records say. Order at 17; *Baud*, 2023 U.S. Dist. LEXIS 34367, *15 n.7 ("L.H.'s medical records indicate her doctor ordered a second CT scan to eliminate the possibility of a previously undetected fracture."). The records show that an emergency room CT scan did not detect a fracture, but L.H. continued to suffer sufficiently serious symptoms (including headaches and nausea) that a doctor ordered a second scan of

12

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

her brain and face to eliminate the possibility of an undetected fracture. Laidman Decl. Ex. E at 93-94. Again, Bauer's own tortured interpretations of the records are at odds with the kind of clear notice of falsity the First Amendment requires.

The *Gapindashvili* case, which Bauer cites, only reinforces the deficiency of his pleading. There, a famous female chess champion claimed it was defamatory for a TV program about a chess prodigy to say that the plaintiff never played against men. The court found actual malice was adequately pled because it was "common knowledge" that Gapindashvili had played against men – in fact, that was the source of her fame. *Gapindashvili v. Netflix, Inc.*, 2022 U.S. Dist. LEXIS 23304, at *29 (C.D. Cal. Jan. 27, 2022). Here, there are no comparable facts pleaded that support actual malice. It certainly was not "common knowledge" at the time the Article was published that L.H. had *not* suffered a fracture.

Finally, Bauer attempts to rely on other publications' reporting, arguing that they interpreted the medical records the same way as Bauer. Opp. at 20; FAC ¶¶ 56-8. Specifically, Bauer claims that the website InsideHook interpreted the CT scan as "**clearly stat[ing] [L.H.] does NOT have a skull fracture.**" *Id.* (emphasis in original). But again, Bauer mischaracterizes the record: this passage is quoting from a statement by *his own representative* that was sent to InsideHook.[10] Plainly, Bauer cannot cite himself for such an argument. Because Bauer again failed to adequately plead actual malice, his claim should be struck for this additional reason as well.

/ / / /

/ / / /

/ / / /

---

[10] *See* FAC ¶¶ 56-58; InsideHook, *On the Trevor Bauer Allegations and the Need for Better Consent Education* (July 1, 2021), https://www.insidehook.com/daily_brief/sports/trevor-bauer-allegations-consent ("Bauer's representatives assert that 'In the medical documents supplied by the woman in her petition, there is a CT scan included that clearly states **she does NOT have a skull fracture**.' (Emphasis theirs.)").

13
REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III.  CONCLUSION

For each of the foregoing reasons, Bauer's Count One should be struck in its entirety, with prejudice.

DATED: March 13, 2023

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
DIANA PALACIOS
ZOË N. McKINNEY

THE NEW YORK TIMES COMPANY
DANA R. GREEN


By: _____/s/ Kelli L. Sager_____
                Kelli L. Sager

Attorneys for Defendants
THE ATHLETIC MEDIA COMPANY
and MOLLY KNIGHT

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

14

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants The Athletic Media Company and Molly Knight, certifies that this brief contains 4658 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 13, 2023

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
DIANA PALACIOS
ZOË N. McKINNEY

THE NEW YORK TIMES COMPANY
DANA R. GREEN

By: _____/s/ Kelli L. Sager_____
　　　　　 Kelli L. Sager

Attorneys for Defendants
THE ATHLETIC MEDIA COMPANY
and MOLLY KNIGHT

15

REPLY ISO SPECIAL MOTION TO STRIKE
4867-0691-6439v.1 0113180-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899